IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DANOTUS YOUNG,
No. 13380-040

Petitioner,

vs.                  Case No. 15-cv-848-DRH

JEFFREY S. WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He argues that under the recent decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), his enhanced career-offender sentence of 15 years, imposed pursuant to the "residual clause" of the Armed Career Criminal Act, is unconstitutional.

If this were petitioner's only pending case raising this issue, the Court would order the government to respond. However, in the interest of judicial economy, this matter will be stayed while the Sixth Circuit considers petitioner's pending request to pursue a second or successive motion under 28 U.S.C. § 2255, which also seeks relief from his sentence based on *Johnson*.

Petitioner filed the instant action on August 3, 2015 (Doc. 1). Previously, he had written to the Clerk of Court for the Western District of Michigan, where he

was convicted and sentenced, asking that court to reconsider his sentence in light of *Johnson*. *See* Doc. 86 in *United States v. Young*, Case No. 07-cr-102 (W.D. Mich.). On July 21, 2015, the sentencing court construed petitioner's letter as a motion under § 2255, and appointed counsel for him (Doc. 87 in criminal case). Petitioner notified this Court of these developments in the Michigan case on August 10, 2015 (Doc. 5, p. 5). Petitioner's Michigan counsel filed a brief, the government responded, and on August 20, 2015, the district court transferred the action to the Sixth Circuit for a determination on whether to authorize the district court to consider petitioner's successive § 2255 motion (Doc. 91 in criminal case).

In light of these developments, **IT IS HEREBY ORDERED** that this § 2241 action is **STAYED** for thirty days. On or before September 25, 2015, petitioner shall notify this Court in writing as to the status of the § 2255 action in Michigan.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: August 26, 2015

Digitally signed by David R. Herndon
Date: 2015.08.26 11:40:56 -05'00'

**United States District Judge**